## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **KRYSTIAN LOBODA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 26 CV 1318** |
| **v.** | ) | |
| | ) | **Hon. Jeffrey I. Cummings** |
| **BRANDON CROWLEY,** | ) | |
| | ) | |
| **Respondent.**[1] | ) | |

## ORDER

Before the Court is petitioner Krystian Loboda's ("Petitioner" or "Loboda") fully briefed petition for writ of habeas corpus, (Dckt. #1), in which he challenges his ongoing detention and intended removal by the United States Department of Homeland Security ("Respondent") in violation of the Immigration and Nationality Act ("INA"), his right to due process under the Fifth Amendment, and the Administrative Procedures Act ("APA"). For the reasons that follow, Petitioner's petition is dismissed for lack of subject matter jurisdiction.

Petitioner is a native and citizen of Poland. (Dckt. #1 ¶19). He entered the United States in 2002 without inspection and has remained here ever since. (*Id*.). At some time after his entry, Petitioner was placed into removal proceedings before the Chicago Immigration Court. (*Id*. ¶20). On April 17, 2012, the Immigration Court granted Petitioner's request for voluntary departure and required Petitioner to depart from the United States by August 15, 2012. (Dckt. #1-1). Petitioner failed to depart by that date and—as Petitioner concedes—the Immigration Court's order automatically converted to a final order of removal. (Dckt. #1 ¶21).

Ten years after he agreed to voluntarily depart, Petitioner's employer filed a Form I-140 Petition for Alien Workers, which the U.S. Citizenship and Immigration Services ("USCIS") approved on April 29, 2022. A few years later, in June 2025, Petitioner filed a Form I-212 Application for Permission to Reapply for Admission into the United States After Deportation or Removal, and a Form I-601A Application for Provisional Unlawful Presence Waiver. (Dckt. #1 - 3). Petitioner maintains that these waiver applications are based upon the "extreme hardship that

---

[1] Respondents have confirmed that petitioner was detained at Broadview, Illinois at the time of filing. Accordingly, "the Court may properly hear the petition regardless of" any subsequent transfer of Petitioner to another jurisdiction. *Flores v. Olson*, No. 25 C 12916, 2025 WL 3063540, at *1 (N.D.Ill. Nov. 3, 2025). Respondents further report that Petitioner has since been transferred to Clay County Detention Center. The Court thus substitutes Brandon Crowley, the warden at Clay County, as respondent in this matter pursuant to Rule 25(d). *See Gamboa v. Daniels*, 26 F.4th 410, 414 (7th Cir. 2022) ("[T]he default rule is that the proper respondent is the warden of the facility where the [petitioner] is being held").

his U.S. Citizen spouse would face in his absence." (Dckt. #1 ¶32). As of the date this case was filed and briefed, Petitioner's applications remained pending with USCIS.

On February 5, 2026, ICE officers arrested Petitioner pursuant to an administrative warrant obtained prior to his arrest. Petitioner promptly filed his habeas petition. In it, he asks the Court to order his immediate release and to enjoin Respondent from removing him from the United States until USCIS adjudicates his pending provisional waiver applications. In response, Respondent argues first that the Court lacks jurisdiction to grant Petitioner the relief he seeks. While sympathetic to Petitioner's situation, the Court agrees.

Federal courts are courts of limited jurisdiction. *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Qin*, 31 F.4th at 582 (cleaned up). Relevant here, Congress "has given federal courts of appeal the power to review removal orders." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). "But what Congress can give, it can take away" and with "8 U.S.C. §1252(g), Congress did just that and divested [federal courts] of jurisdiction over challenges to executive branch decisions to execute removal orders." *Id*.

Specifically, Section 1252(g) provides as follows:

[N]otwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). While the Supreme Court has rejected an expansive reading of Section 1252(g), *see Jennings v. Rodriguez*, 583 U.S. 281, 293–94 (2018), it remains a jurisdictional bar to challenges over the "three listed decisions or actions—to commence proceedings, adjudicate cases, *or execute removal orders*." *E.F.L.*, 986 F.3d at 964 (emphasis added).

Here, although Petitioner frames his petition as a challenge to his continued unlawful detention—which could potentially escape Section 1252(g)'s jurisdictional bar, *see, e.g.*, *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *3 (N.D.Ill. Oct. 24, 2025)—practically speaking, his petition is instead a direct challenge to the Attorney General's decision to execute his final order of removal. Indeed, he asks the Court to enjoin Respondent from executing the final order of removal while he adjudicates his pending provisional waiver applications. Under the binding Seventh Circuit authority of *E.F.L. v. Prim*, this Court lacks jurisdiction to do so.

In *E.F.L.*, the petitioner filed a habeas petition asking the district court to stay the Government's execution of a final order of removal pending adjudication of her petition under the Violence Against Women Act. The district court dismissed the petition for lack of jurisdiction under Section 1252(g). The Seventh Circuit affirmed, finding, *inter alia*, that E.F.L's "habeas petition falls directly in §1252(g)'s path" where she challenged only "DHS's decision to execute her removal while she [sought] administrative relief." *E.F.L.*, 986 F.3d at 964.

2

Petitioner's request here—asking the Court to stay the execution of his removal order while he pursues other administrative relief, i.e., provisional waiver applications—suffers the same fate and the Court lacks jurisdiction to grant him the relief he seeks. *See id.* at 966 ("We acknowledge the district court's recognition of 'the seriousness of E.F.L.'s allegations about decades of abuse, and the extraordinarily difficult situation that she and her family continue to face.' But we cannot provide E.F.L. the relief that she seeks."); *see also Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002) (finding no jurisdiction over habeas petition asking the court to stay execution of removal orders while petitioners sought additional administrative relief); *Rauda v. Jennings*, 55 F.4th 773, 778 (9th Cir. 2022) ("No matter how Matias frames it, his challenge is to the Attorney General's exercise of his discretion to execute Matias's removal order, which we have no jurisdiction to review"); *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1273–74 (11th Cir. 2021) ("In short, no matter how Camarena and Barrios characterize their claims, they amount to an attack on the government's execution of their removal orders. That runs afoul of §1252(g)").[2]

For all of these reasons, the Court dismisses Petitioner's petition for writ of habeas corpus, (Dckt. #1), for lack of jurisdiction. All pending deadlines and hearings are stricken. Civil case terminated.

**Date: April 21, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[2] The Court acknowledges that "[f]ederal district courts have split on whether §1252(g) bars challenges to the right to pursue the provisional waiver application prior to removal." *Henry M. C. v. Wolf*, No. CV 19-20399 (KM), 2020 WL 13659098, at *2 (D.N.J. Apr. 9, 2020) (describing split). But this Court is bound by Seventh Circuit precedent.